## PARHAM *v.* STATE.

[89 South. 775. No. 21712.]

INTOXICATING LIQUORS. *Evidence held insufficient to show that liquor sold was intoxicating.*

Where a defendant is convicted upon the charge of the unlawful sale of intoxicating liquor, and the testimony shows that the witness went to the defendant's place to get some whisky, that

he asked the defendant if he had "anything," and that finally the defendant told him he had a little "something," which "something" he placed in a half-gallon fruit jar, which "something" was white in color and for which the witness paid the defendant ten dollars, and witness did not know whether it was whiskey or whether it was intoxicating, that he made no examination of the contents of the fruit jar, *held*, that this testimony is insufficient to sustain a conviction, and that the peremptory instruction, requested by the defendant should have been granted.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Andy Parham was convicted of unlawful sale of intoxicating liquors, and he appeals. Reversed, and judgment entered discharging the defendant.

*Geo. T. Mitchell, C. R. Bolton* and *W. A. Blair,* for appellant.

If it is still the law in Mississippi that a party charged with crime is presumed to be innocent until he is proven guilty beyond all reasonable doubt, and that the burden of proving him guilty is upon the state, and that every reasonable doubt arising from the evidence or the lack of evidence is to be given the defendant, and if it is still the law in Mississippi that a person charged with crime cannot be convicted upon mere speculation, conjecture or guess-work, then this court must necessarily reverse this case and discharge the defendant. While it is true defendant is charged with a violation of the liquor law, an offense against which the hand of every man is turned, yet we cannot conceive that even in a liquor case, a verdict will be permitted to stand upon such testimony as is disclosed by this record. It is difficult to find authority upon such a record as this for the reason that parties are not convicted upon such flimsy testimony and therefore they never reach the supreme court. In the case of *Benoit* v. *City of Bay St. Louis,* reported in 60 So. 137, the defendant in that case was convicted of having intoxicating liquor in his possession for

sale, in violation of the city ordinance of the City of Bay St. Louis. The facts in that case were about as follows: "The city marshal, suspecting that defendant was going to bring whiskey on a train into Bay St. Louis, sent two special deputies to a station within the city limits to look out for him at that point. The defendant got off of the train at that point, and also took off two boxes, which the officers supposed contained whiskey. When defendant saw the officers, he put the boxes back on the train and got on the train himself and proceeded to the coal chute, also within the city limits. The marshal himself was on guard at the coal chute, and he testified that the defendant got off of the train and took off one of the cases, on which was printed in large letters 'Atherton Whiskey.' When defendant discovered the presence of the marshal he immediately reboarded the train with the boxes. This court in rendering its opinion, stated a very careful reading of the testimony fails to convince us that there was any sort of evidence upon which the jury's verdict could have been based, except mere suspicion."

We earnestly insist that the judgment of the court below should be reversed and appellant discharged.

*H. Cassidy Holden,* special assistant attorney-general, for the state.

The appellant contends that he was convicted on suspicion; that it was not proved that the liquor obtained from him was either intoxicating, vinous, malt, alcoholic, or spirituous liquor; that the liquor about which the witness testified was not shown to be prohibited by law. In other words, the appellant maintains that the verdict is not supported by the evidence. It is insisted that the court should have granted a peremptory instruction for the defendant which was requested at the close of the testimony for the state.

It is respectfully submitted that the court below committed no error in refusing to grant a peremptory instruc-

tion for the defendant. There was sufficient proof to establish guilt. It was shown that the witness Hines went to the defendant, told him that a dance was being given and that he wanted something for the orchestra, and that the defendant understood what he meant by something. It was shown further that the defendant procured a one-half gallon jar of white liquor from his smokehouse for which he was paid ten dollars. Half gallon jars containing white liquid and stored in a smokehouse do not sell for ten dollars unless they contain whiskey or the equivalent thereof. It is an irresistible conclusion, from a reading of the testimony of the witness Hines that the defendant was guilty of selling intoxicating liquor commonly called "White Lightning." It is true that it was not expressly stated by the witness that the liquor he obtained was intoxicating. But it is submitted that the circumstances surrounding the transaction testified to by the witness Hines provide sufficient proof that the liquor obtained from the defendant was the prohibited kind. Whether or not the defendant sold intoxicating liquor was a question for the jury and not for the court. The court acted properly in refusing to take this question away from the jury.

It is also maintained that the court erred in admitting the testimony of the witness that he had got "something" from Andy before, but did not know whether it was liquor. It is submitted that this was competent testimony going to show that the witness was in the habit of buying liquor from the defendant. But this action of the court, if error, was harmless.

It is further contended that the court committed no error in permitting the witness to state that the orchestra made no complaint about the liquor not being whiskey. This was legitimate evidence tending to prove that the liquor was intoxicating and therefore prohibited. If the liquor had not been intoxicating the members of the orchestra would have undoubtedly called this to the attention of the person who gave it to them.

Taking the testimony of the witness for the state as a whole, it is submitted that sufficient proof of guilt was made and the judgment of the lower court should be affirmed.

SYKES, J., delivered the opinion of the court.

Andy Parham was indicted, tried and convicted for the unlawful sale of intoxicating liquor, from which judgment of conviction this appeal is prosecuted.

There was only one witness who testified in the case and the material part of his testimony is as follows: That he and two other young men went out to the defendant's place to try to get some "liquor," meaning by that whiskey; that he asked the defendant if he had "anything;" and that defendant first answered that he did not. Witness then informed the defendant that they were going to have a dance and "would like to have 'something' if he had 'anything;'" that he did not tell the defendant what they were after; that he understood the defendant knew what they wanted; that he argued with the defendant fifteen or twenty minutes and that defendant said "he had a little 'something' and he got it for me;" that he got a half-gallon fruit jar "full of something" out of his smokehouse, and that it was white in color; for which they paid the defendant ten dollars; that previous to that time he had gotten "something" from the defendant, but did not know whether it was whiskey or not; that they finally gave this "something" to some negro musicians at a dance; that no complaint was made by the musicians about this "something." This constitutes the examination in chief. On cross-examination the witness stated that he did not know what this "something" was; that he did not know whether it was whiskey or whether it was intoxicating.

The court declined to grant a peremptory instruction in favor of the defendant.

There is no testimony in this case upon which a jury could believe beyond a reasonable doubt that the contents

of the half-gallon fruit jar was intoxicating liquor. While we might strongly suspect that the object and purpose of the visit of the young gentlemen to the defendant was to purchase intoxicating liquor, the testimony is absolutely silent as to the contents of the fruit jar, except that it was white in color. This witness made no examination of it, but merely assumed that it was the "something" they wanted for the musicians. Before the defendant could have been convicted in this case, however, the testimony must have further shown that this "something" was intoxicating liquor, and this the testimony fails to show.

The court erred in not granting the peremptory instruction in favor of the defendant.

Reversed, and judgment discharging the defendant entered here.

*Reversed.*